JOSEPH P. RUSSONIELLO
United States Attorney
THOMAS M. NEWMAN (CTBN 422187)
Assistant United States Attorney
  9th Floor Federal Building
  450 Golden Gate Avenue, Box 36055
  San Francisco, California  94102
  Telephone:   (415) 436-6805
  Fax:             (415) 436-6748

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| **JOHN AND LEAH SOWLES,** | Case No.: 10-cv-1367-PVT |
| Plaintiff, | STIPULATION FOR REMAND |
| v. | |
| **ALICE K. CORTEZ, et al.,** | |
| Defendants. | |

## STIPULATION

1.    The facts contained in this stipulation are not intended to be binding.  The parties are agreeing to certain facts to show that the case should be remanded to the Superior Court of California, County of Santa Clara.

2.    Plaintiff commenced this action on or about September 4, 2009, as Case No. 109CV151608, in the Santa Clara County Superior Court.  The suit alleged, among other things, quiet title related to property that the United States has an interest.

3.    Because of the quiet title claim, the United States removed the case from state court as there was a federal claim involving a federal tax lien on the subject property.  The action was removed by defendant the United States of America pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444.

4.    Since the removal was filed, counsel for the United States has discussed this

*STIPULATION AND*
*PROPOSED ORDER*
Case No. 10-cv-1367-PVT

1  action with plaintiffs' counsel.  The quiet title action involves a boundary dispute related to two
2  adjacent parcels.  Defendant, the United States has  a claim against the property involved in the
3  boundary dispute related to IRS liens of another defendant.  The United States' interest in
4  property involved in the quiet title action is the sole basis for federal jurisdiction.  Every other
5  issue involves California State law.  In addition, the United States' interests, and the basis for
6  federal jurisdiction, are minor in comparison to the property issues.  It is now clear that the
7  property issues not only predominate, and the United States is likely to stipulate to the outcome
8  and judgment related property dispute.
9       5.     Based on the foregoing, the parties agree that this case should be remanded the
10 Santa Clara County Superior Court, and any pending hearing in this Court should be vacated.
11      6.     This United States shall serve a copy of this stipulation on every other party to
12 this action.

                                                     JOSEPH P. RUSSONIELLO
                                                     United States Attorney

                                                   /s/ Thomas M. Newman
                                                 THOMAS M. NEWMAN
                                                 Assistant United States Attorney
                                                 Tax Division

DATED: April 21, 2010                      By: /s/ Edward L. Chun
                                                   EDWARD L. CHUN
                                                   BOSSO WILLAMS, PC
                                                   Attorneys for plaintiff

*STIPULATION AND*
*PROPOSED ORDER*
Case No. 10-cv-1367-PVT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| **JOHN AND LEAH SOWLES** | ) | JF/ |
| | ) | **Case No.: 10-cv-1367-PVT** |
| **Plaintiff,** | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| **ALICE K. CORTEZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

    Based on the parties' stipulation, the Court finds that the issues in this case arise predominantly under state law. A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." See 28 U.S.C. § 1367(c)(3); see also Bryant v. Adventist Health System/West, 289 F. 3d 1162, 1169 (9th Cir. 2002) (holding where district court grants judgment on federal claims, district court, pursuant to § 1367(c)(3), may properly decline to exercise supplemental jurisdiction over remaining state law claims). Further, a district court may decline to exercise supplemental jurisdiction over claims that "substantially predominate[ ] over the claim or claims over which the district court has original jurisdiction." See 28 U.S.C. § 1367(c)(2). The Court DECLINES to exercise supplemental jurisdiction over the remaining state law claims.

    Accordingly, the above-titled action is hereby REMANDED to the Superior Court of California, in and for the County of Santa Clara, and the Clerk is DIRECTED to transfer

*STIPULATION AND*
*PROPOSED ORDER*
Case No. 10-cv-1367-PVT

1  forthwith the instant order, at the following address:

2          Office of the Clerk
        Superior Court of California
3          County of Santa Clara
        191 North First Street
4          San Jose, CA 95113

5  **IT IS SO ORDERED.**

6                                                    _____

7  Dated: 5/17/10                   UNITED STATES DISTRICT JUDGE

*STIPULATION AND*
*PROPOSED ORDER*
Case No. 10-cv-1367-PVT